N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 17-cv-00346-PAB-MEH

OWNERS INSURANCE COMPANY,

      Plaintiff,

v.

11380 EAST SMITH ROAD, LLC, and
3555 MOLINE, LLC,

      Defendants.

_____

## ORDER
_____

This matter is before the Court on plaintiff's Objection [Docket No. 113] to the Magistrate Judge's Recommendation [Docket No. 108], defendants' Objection [Docket No. 120] to the Magistrate Judge's Recommendation [Docket No. 115], and Defendants' Motion to Continue [Docket No. 116].

## I.  OBJECTIONS

The Court reviews a magistrate judge's order on a non-dispositive matter under the clearly erroneous standard.  *See* Fed. R. Civ. P. 72(a).  Therefore, the Court must "affirm unless it is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp*. *v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The facts relevant to both objections are not disputed.  The Final Pretrial Order ("FPTO") was entered on December 18, 2019.  *See* Docket No. 72.  Dispositive motions

were to be filed on December 16, 2018, *see* Docket No. 36, and no party filed such a motion.  After originally being set for a trial in summer 2020, the trial preparation conference and trial were reset to October 2, 2020 and October 26, 2020, respectively. *See* Docket No. 77.  Motions to exclude expert witnesses were to be filed sixty days before the trial preparation conference, and plaintiff filed a motion to exclude one of defendants' experts.  *See* Docket No. 78.  The trial was continued again, to the currently scheduled dates of October 1, 2021 for the trial preparation conference and October 18, 2021 for trial.  *See* Docket No. 93.  On March 17, 2021, the Court granted plaintiff's motion to exclude defendants' damages expert, Edward Fronapfel.  *See* Docket No. 97.  On July 12, 2021, plaintiff filed a motion for leave to file a motion for summary judgment based on the premise that, without a damages expert, defendants could not make out their claims.  *See* Docket No. 100.  On August 2, 2021, defendants filed a motion for leave to designate a new damages expert.  *See* Docket No. 109.  The magistrate judge recommended denying both requests.  *See* Docket Nos. 108, 115. The parties have filed objections, arguing that each of their requests should be granted. *See* Docket Nos. 113, 120.  The Court finds no error in either recommendation.

### A.  Motion for Leave to File Motion for Summary Judgment

Plaintiff objects to the magistrate judge's recommendation that it should not be permitted to file an out-of-time motion for summary judgment.   *See* Docket No. 113. The magistrate judge noted that plaintiff's motion was likely untimely, given that plaintiff waited four months to file a motion for leave to file a summary judgment motion.  *See* Docket No. 108 at 5-6.  Moreover, the magistrate judge concluded that, even if it was

timely, plaintiff should not be permitted to file an out-of-time summary judgment motion. The magistrate judge determined that the standards discussed in *Koch v. Koch Industry, Inc.*, 203 F.3d 1202 (10th Cir. 2000), did not weigh in favor of permitting plaintiff to modify the FPTO. *See* Docket No. 108 at 6-9. First, as to prejudice, the recommendation found that defendants would be prejudiced by the dispositive motion because defendants would need to both brief a motion and prepare for trial with the trial date fast approaching. *See id.* at 6-7. Second, regarding curing the prejudice, the magistrate judge noted that only the Court could reschedule the trial. *Id.* at 7. Third, the magistrate judge found that, even if a summary judgment motion would simplify the trial, the disruptive effect of such a motion this close to the trial date outweighed any simplification, particularly because damages would need to be addressed at trial in any event. *Id.* at 7-8. Finally, the magistrate found no bad faith, although he concluded that plaintiff should have filed the motion earlier.

Plaintiff objects to all but the bad faith finding. As to the first factor, plaintiff argues that defendants cannot be prejudiced by a motion that addresses a topic that must be determined at trial. *See* Docket No. 113 at 3. In support of that argument, plaintiff cites a decision from the Northern District of Iowa. *See id.* (citing *Eischeid v. Dover Constr., Inc.*, 217 F.R.D. 448, 455 (N.D. Iowa 2003)). The Court is unpersuaded. First, *Eischeid* is not binding in the District of Colorado, so it is unclear how the magistrate judge could have applied the incorrect legal standard from a district court decision outside the Tenth Circuit. Second, *Eischeid* is inapposite. There, the court reasoned that it "could be persuaded" that, in some circumstances, certain purely legal issues presented in a summary judgment motion "might present the most efficient"

means of addressing the issues.  *See* 217 F.R.D. at 455.  The court ultimately determined that it made sense to allow the belated summary judgment motion because the legal question of whether there were "certain nondelegable duties" had to be determined by the court.  *Id.* at 455-56.  While it is true that a failure of defendants to prove damages may result in the court granting plaintiff's Rule 50 motion at trial, it is also true that the probability of this result is a factor the parties can take into account in settlement negotiations, mitigating plaintiff's specter of wasted time and money spent on a trial that never makes it to the jury.  Moreover, plaintiff's failure to seek leave earlier mitigates against granting its motion: as the Tenth Circuit noted in *Koch*, a party's "failure to raise [a] specific defense at an earlier possible juncture cuts deeply against his claim of manifest injustice."  *See* 203 F.3d at 1223 (citations and quotations omitted).

Second, plaintiff argues that, while it may not have been in the magistrate judge's power to reschedule the trial, it is within the Court's power to reschedule the trial to permit it to file a summary judgment motion.  However, the effect of continuing the trial would be to further delay a trial that the pandemic has continued several times before and therefore contribute to a backlog of cases.

Third, plaintiff argues that the recommendation is "relatively dismissive" on the disruptiveness of permitting plaintiff to file a motion for summary judgment.  *See* Docket No. 113 at 4-5.  But plaintiff offers no argument why the magistrate judge was actually wrong or was clearly erroneous.  Accordingly, this objection is overruled.

In sum, plaintiff has offered no argument as to why the magistrate judge's conclusion is clearly erroneous and, instead, simply disagrees with the result.  The

Court finds no error in the recommendation and overrules plaintiff's objections.

### B.  Motion to Designate New Expert Witness

Defendants object to the magistrate judge's conclusion that they should not be permitted to designate a new expert witness.  *See* Docket No. 120.  Like plaintiff's motion, the magistrate judge first concluded that defendants' motion was untimely because they waited four and a half months after the exclusion of their expert to attempt to designate a new one.  *See* Docket No. 115 at 5-6.  Moreover, the magistrate judge determined that, under the *Koch* factors, defendants failed to demonstrate that they should be permitted to amend the FPTO and designate a new expert witness.  As to the prejudice prong, the recommendation found that, although plaintiff may be familiar with the proposed expert, Andrew Behrens, Mr. Behrens was never disclosed as an expert, but only as a non-expert witness who might be called at trial.  *See id.* at 6-7.  Accordingly, plaintiff never received a full disclosure of Mr. Behrens's opinions, had no opportunity to depose him, and no ability to challenge his opinions pursuant to Federal Rule of Evidence 702, things allowed by Federal Rule of Civil Procedure 26(a)(2)(C).  *See id.* at 7.  With such little time between disclosure and trial, the magistrate judge concluded that plaintiff would be prejudiced.

Regarding the ability to cure the prejudice, the recommendation concluded that it would be difficult to complete the procedures contemplated by Rule 26 in the time before trial, and the magistrate judge could not move the trial date.  *Id.* at 8.  As to the disruptive effect, the magistrate judge reasoned that, given all the procedures required by Rule 26, and the little time before trial, it would be a significant disruption to the trial process.  *Id.* at 8-9.  Finally, while the magistrate judge found no bad faith, he did find

that defendants were slow in choosing to replace Mr. Fronapfel.

Defendants make three objections, although they do not clearly explain how those objections correspond to any of the *Koch* factors.  *See* Docket No. 120 at 3-7. First, defendants suggest that plaintiff is familiar with Mr. Behrens and, because of that familiarity, plaintiff somehow is not entitled to the full protection of Rule 26.  *See id.* at 3-4.  Second, defendants argue that the magistrate judge misapplied *Summers v. Missouri Pacific R.R. System*, 132 F.3d 599 (10th Cir. 1997).  *See id.* at 4-6.  Finally, defendants appear to be arguing that the magistrate judge misapplied the *Koch* factors based on the prior two arguments.  *See id.* at 7-8.  The Court finds none of the objections persuasive.

First, as to plaintiff's apparent familiarity with Mr. Behrens, defendants fail to explain how that familiarity corresponds to plaintiff's ability to rebut newly disclosed expert opinions.  Even if Mr. Behrens did some claim adjusting for this case, and plaintiff has deposed him in other litigation, that has no bearing on whether plaintiff had the opportunity to depose him here, see a full report of his opinions, and challenge his report pursuant to Rule 702.  Indeed, defendants offer no legal authority for the proposition that "familiarity" with a witness is somehow relevant to amending a FPTO so close to trial.  Moreover, the Court finds that Mr. Behrens's involvement with the trial prior to Mr. Fronapfel being excluded actually cuts against defendants being able to designate him as an expert witness.  If Mr. Behrens's testimony would have been cumulative to Mr. Fronapfel's testimony, it should have been easy for defendants to designate Mr. Behrens shortly after Mr. Fronapfel was excluded.  Instead, defendants waited nearly five months to ask to designate him, and did so only after plaintiff sought

to dismiss defendants' claims.  Accordingly, this objection is overruled.

Next, defendants contend that the magistrate judge misapplied the Tenth Circuit's decision in *Summers*.  *See* Docket No. 120 at 4.  In *Summers*, the new expert was to be designated eighty days before trial was to commence.  *See* 132 F.3d at 605. But that is where the similarity ends.  Contrary to the defendants here, the plaintiffs in *Summers* "acted promptly to find new experts."  *Id.*  The plaintiffs had their experts excluded on August 25 and a motion identifying the new experts and moving for their designation was filed on September 15.  *Id.*  Four days later, that expert examined the plaintiffs, and by the time of the hearing on the motion, the plaintiffs had submitted a preliminary report of the new expert.  *Id.*  Here, defendants waited nearly five months – even though they now argue that Mr. Behrens is known to all – and still have not provided a report to the Court.  And, contrary to the plaintiffs in *Summers*, defendants do not explain how the Court and plaintiff would have sufficient time to review Mr. Behren's opinions.  Rather, they suggest that plaintiff should be permitted to depose Mr. Behrens and then challenge his testimony at trial.  Accordingly, the Court finds that the magistrate judge properly distinguished *Summers* and overrules the objection.

Finally, defendants argue that the magistrate judge misapplied the *Koch* factors because *Summers* demonstrates that defendants are permitted to designate a new expert, and plaintiff does not need the full protection of Rule 26.  As just concluded, *Summers* is inapposite.  As to Rule 26, defendants offer no authority for the proposition that plaintiff is not entitled to the protections of Rule 26 simply because defendants were slow in designating a new expert.  Accordingly, the objection is overruled.

**II. MOTION TO CONTINUE**

In a second attempt to seek a continuance, defendants file a motion to continue based on *United States v. West*, 828 F.2d 1468 (10th Cir. 1987).  *See* Docket No. 116 at 8-11.  Under *West*, a court is to examine: "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance."  *West*, 828 F.2d at 1470.  The Court finds that the factors do not weigh in favor of granting a continuance.

First, the diligence of the party requesting the continuance weighs strongly in favor of denying the motion.  Defendants argue that they were diligent because they filed the motion to continue a week after the recommendation denying the motion to designate a new expert.  *See* Docket No. 116 at 9.  But this argument ignores the fact that the reason defendants want a continuance is because defendants waited nearly five months to attempt to designate a new expert witness.  Accordingly, this factor weighs strongly in favor of denying the motion.

Second, as to usefulness of the continuance, the Court finds that, under the circumstances of this case, this factor is neutral.  While defendants are correct that a continuance would give plaintiff time to depose Mr. Behrens and complete the process contemplated by Rule 26, there is no guarantee that parts of Mr. Behrens's opinions would not be excluded.  The parties could be back in the same position a year from now.

Third, the Court finds that inconvenience to plaintiff weighs in favor of denying the motion.  Defendants argue that there is no inconvenience in continuing the trial because plaintiff also seeks to continue the trial to file a motion for summary judgment.  *See id.* at 6.  But that is not the only inconvenience to consider.  As noted above, a continuance would postpone a trial that has already been continued several times.  If a criminal case or pandemic-related reasons do not prevent this case from being tried in October, the Court has a strong interest in moving its docket forward.  Therefore, this factor weighs in favor of denying the motion.

Fourth, as to need and prejudice, the Court finds that this factor weighs slightly in favor of granting the motion.  The need for defendants to have a damages expert is high, and, without one, proving their case will be difficult, resulting in prejudice.  But that is almost always the consequence of a court excluding a damages expert.  The remedy to this situation is not a continuance of a trial, but the affected party more carefully choosing its experts and making sure their opinions are admissible.  Moreover, here, defendants failed to timely designate a new proposed expert, and, therefore, further contributed to the position they find themselves in.

The *West* factors weigh against a continuance and the Court will deny the motion to continue.  However, in the event that a criminal case bumps the October 2021 trial, the Court will allow the parties to file additional motions on these issues.

III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Objection [Docket No. 113] is **OVERRULED**.  It is further

9

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 108] is **ACCEPTED**.  It is further

**ORDERED** that defendants' Objection [Docket No. 120] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 115] is **ACCEPTED**.  It is further

**ORDERED** that Defendants' Motion to Continue [Docket No. 116] is **DENIED**.

DATED September 7, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge